Cowan **BRANHAM**, Plaintiff,

v.

John W. **GARDNER**, Secretary Health, Education & Welfare, Defendant.

Civ. A. No. 67–C–82–A.

United States District Court
W. D. Virginia,
Abingdon Division.

March 28, 1968.

294

William J. Sturgill, Greear, Bowen, Mullins, Sturgill & Roberson, Norton, Va., for plaintiff.

James P. Brice, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This action is brought pursuant to section 205(g) of the Social Security Act, to review a final decision of the defendant which denies plaintiff disability insurance benefits. That final decision of defendant is a decision of the Appeals Council dated June 14, 1967, adopting the findings and conclusions of a hearing examiner in a decision dated March 22, 1967.

The plaintiff filed an application for disability insurance benefits on December 8, 1965, alleging that he had been unable to work since April 15, 1965 because of "lung trouble, back trouble, and knots on hands and feet." In addition, the plaintiff has complained of chest pain, constipation, diarrhea, chronic coughing and wheezing, expectoration, sinusitis, pain and numbness in both legs and feet, smothering and general weakness. Plaintiff alleges that he has been unable to work since April 15, 1965, and he will continue to meet the special earnings requirement for disability purposes at least through March 31, 1970.

A great deal of medical evidence was introduced at the hearing and the hearing examiner concluded that

plaintiff suffered from a mild pulmonary impairment coupled with a chronic lumbosacral sprain. These impairments prevented the plaintiff from performing heavy lifting, bending or stooping, but the hearing examiner concluded that plaintiff was physically able to perform light to moderate work. This finding is supported by substantial evidence in the record, accordingly this court must affirm the decision. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962).

■ However, considering that plaintiff's main occupation in the past has been as coal miner, which occupation entails considerable heavy work and breathing of dust-laden and stale air, it must be conceded that plaintiff's impairments would preclude return to that activity. Upon this showing, it became incumbent upon the Secretary to show that there existed in the local economy other jobs for which the claimant was still suited by reason of his physical and mental capabilities. Boyd v. Gardner, 377 F.2d 718 (4th Cir. 1967); Hilton v. Celebrezze, 367 F.2d 481 (4th Cir. 1966).

■■ This burden is not satisfied by placing in the record the testimony of a vocational expert who recites job classifications upon the authority of the Dictionary of Occupation Titles. Cyrus v. Celebrezze, 341 F.2d 192, 196–197 (4th Cir. 1965). In the present case, Dr. Norman Hankins testifying as a vocational expert, gave his opinion as to the type of work plaintiff was still capable of performing and whether jobs of this type were available in the vicinity of Clincho, Virginia. Dr. Hankins based his opinion on personal observation and investigation and this court is satisfied that his testimony established that there existed suitable job opportunities within the relevant geographic area.

■ There is no need to enumerate all of the possible job opportunities, and this court turns its attention to the job of bottle inspector as discussed by Dr. Hankins. The Royal Crown Bottling Company at Whitesburg, Kentucky, approximately forty-two miles from plaintiff's home, has available positions for bottle inspectors. The work consists of the employee sitting and watching for defective bottles or bottles with dirt or cracks. The only amount of lifting involved would be removing an empty bottle, which weighs less than one pound. Dr. Hankins testified that the Bottling Company is currently looking for two bottle inspectors and prefers somebody who is handicapped and couldn't do heavier types of work or heavier lifting. It seems clear that the Secretary has more than met his burden of proof by showing a suitable job opportunity where the employer is actively seeking employees at the present time.

Accordingly, it is adjudged and ordered that the decision of the Secretary of Health, Education and Welfare be and the same is hereby affirmed.

The clerk will certify copies of this opinion and judgment to counsel of record.